In re KORS, INC., Debtor.

The FIRST NATIONAL BANK OF BOSTON, Plaintiff,

v.

KORS, INC., (and now David D. Robinson, Esq., Trustee), Defendants.

Bankruptcy No. 80–00255.

Adv. No. 81–0007.

United States Bankruptcy Court,
D. Vermont.

Nov. 10, 1981.

Dennis I. Greene, and Charles H. Gibbs, Jr., Woodstock, Vt., for The First Nat. Bank of Boston.

David D. Robinson, trustee pro se.

Peter Banse, Rutland, Vt., for debtor.

Andrew R. Field, Montpelier, Vt., for S. B. I. C., of Vermont, Inc.

James S. Abatiell, Rutland, Vt., for Rutland Industrial Development.

William C. Dagger, Bernard R. Dick, and Donald H. Hackel, Rutland, Vt., for The Howard Bank.

Michael S. Bancroft of RIDC and as Chairman of the Creditors' Committee.

John Paul Faignant, Rutland, Vt., for Rextrusion Systems, Inc.

George T. Faris, IV, Montpelier, Vt., for Small Business Administration.

## FINDINGS OF FACT, MEMORANDUM, CONCLUSIONS AND ORDER

CHARLES J. MARRO, Bankruptcy Judge.

This is an adversary proceeding on the Revised Complaint of The First National Bank of Boston for relief from stay under § 362(d) of the Bankruptcy Code.

This matter came on for hearing, after the issuance of a revised Complaint and the filing of an Answer by the Trustee. Neither party, although given an opportunity, introduced any testimony or exhibits at said hearing. From the records of the case, pleadings and representations of counsel at the hearing, the following Findings of Fact are made and Conclusions reached:

## FINDINGS OF FACT

The Debtor filed a Voluntary Petition for Relief under Chapter 11 of the Bankruptcy Code on November 24, 1980. At the time of the filing it was indebted to The First National Bank of Boston in the amount of $473,669.29.

The Debtor's obligations to The First National Bank of Boston, Plaintiff, are secured by perfected first lien in all the Debtor's accounts, contract rights, general intangibles, and all other rights to the payment of money in any case where an account has risen from the sale of goods and interest of the Debtor in such goods and inventory.

Certified copies of the U.C.C. filings with the Secretary of State indicating the perfected first lien are on file with the Court.

As of the date of filing, the value of the security in the inventory, accounts receivable, and the right to proceed therefrom, was $350,000.00.

See this Court's Order entered May 20, 1981.

On August 14, 1981 this Court entered an Order converting the case from Chapter 11 to Chapter 7 liquidation. This Order was supported by a Memorandum, Findings of Fact and Conclusions, which included findings that on March 1, 1981 the Debtor turned over to First National Bank of Boston accounts receivable having a book value of $154,000.00 but an actual value of approximately $23,000.00 resulting in a diminution of the collateral subject to the security interest of First National Bank of Boston of $131,000.00 and that the Debtor has no unencumbered assets to furnish adequate protection to The First National Bank of Boston for the decrease in the value of this collateral.

No evidence has been produced by the Trustee or other parties to show that the Trustee's operation of the business under the Court's Order dated August 28, 1981 and subsequent orders of this Court have resulted in an increase in the cash collateral and/or equity of the Debtor's estate.

## MEMORANDUM AND CONCLUSIONS

The evidence clearly establishes that the value of the collateral subject to the security interest of The First National Bank of Boston has been diminished and that there has been an operating loss of substantial size since the Petition under Chapter 11 was filed. It further appears that the Debtor has no assets unencumbered from which to give The First National Bank of Boston adequate protection. The net result will be that this bank will suffer a substantial loss from the liquidation of its security.

From the Disclosure Statement and the application of the proper figures to inventory, it appears that the Debtor has had an operating loss of $102,378.00 for the period of November 24, 1980 to May 28, 1981.

The Bankruptcy Code provides that the party requesting relief from the automatic stay has the burden of proof on the issue of the debtor's equity in property; and the party opposing such relief has the burden of proof on all other issues. § 362(g)(1)(2). In effect this means that the plaintiff bank

must establish lack of equity in the property whereas the trustee must prove that the plaintiff has adequate protection of its security interest and that the property is necessary for an effective reorganization. The latter has become mute by conversion to Chapter 7 for liquidation. As to the other requirements of § 362(g)(1)(2), the record clearly shows that there is no equity in the collateral subject to the plaintiff's security interest and that the bank does not have adequate protection.

Since no testimony was adduced at the hearing by any party in interest, the plaintiff, upon request, is entitled to have the Court take judicial notice of adjudicative facts. See 28 U.S.C. Appendix Rule 201 Federal Rules of Evidence, which governs judicial notice of adjudicative facts. This is mandatory under subdivision (d) of Rule 201 which provides that a Court shall take judicial notice of adjudicative facts. And in the case of *In re Maplewood Poultry Company* (Bkrtcy. District of Maine, 1980) 2 B.R. 546, Bankruptcy Judge Cyr observed that a Bankruptcy Court, in the exercise of its discretionary power under this federal rule, could take judicial notice of all administrative and judicial actions previously undertaken in the proceedings.

It seems apparent that a finding of fact in a prior adverse proceeding involving the same parties or a successor in interest such as a trustee in bankruptcy need not be relitigated. This is often construed as "estoppel by record" or "collateral estoppel." 46 Am.Jur.2d 565, 397.

The dual purpose of collateral estoppel is to protect litigants and the Court from the burden of relitigating an identical issue with the same party and of promoting judicial economy by preventing needless litigation. *Parklane Hosiery Co., Inc., v. Shore*, 439 U.S. 322, 326, 99 S.Ct. 645, 649, 58 L.Ed.2d 552 (1979).

Accordingly the findings of this Court under its Order entered May 20, 1981 and its Memorandum and Findings of August 14, 1981, inasmuch as pertinent are established as part of this proceeding. They clearly support the plaintiff's position of lack of equity in the collateral and inadequate protection.

No further evidentiary showing by The First National Bank of Boston is necessary to meet its burden of proof under subsection 362(g) of the Bankruptcy Code.

## ORDER

Now, therefore, upon the foregoing,

IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the automatic stay against The First National Bank of Boston is lifted forthwith and that the Trustee is directed to turn over to The First National Bank of Boston all cash, accounts receivable and inventory in his possession which are subject to the security interest of the plaintiff, The First National Bank of Boston.